UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRELL AINSWORTH, | No. 2:24-cv-1478 KJM AC P |
| Plaintiff, | |
| v. | <u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |
| S. SHEPHERD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without an attorney in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Pending before the court are plaintiff's motions (1) to proceed in forma pauperis, (2) for preliminary injunctions, (3) for appointment of counsel, and (4) for extensions of time. ECF Nos. 2, 8-10, 15, 17. For the reasons stated below, plaintiff's motions for preliminary injunctions, to appoint counsel and for extensions of time are denied, and the undersigned recommends that plaintiff's motion to proceed in forma pauperis be denied.

I. <u>The Complaint</u>

Plaintiff seeks declaratory, injunctive, and monetary relief against six individual defendants employed at California State Prison ("CSP") Sacramento for First Amendment retaliation and Eighth Amendment violations. <u>Id.</u> at 1-3, 8, 19. Specifically, plaintiff alleges that

1

prison staff at CSP Sacramento retaliated against him for filing multiple grievances and declining "homosexual advances." ECF No. 7-17. They tortured him; denied him sanitary drinking water; contaminated his food with "some types of hormones or chemicals"; threatened to never have him treated by a female clinician; provoked him to engage in assaultive behavior; planted a weapon on him; and sedated him and sexually assaulted him while unconscious. Id. Plaintiff alleges that a "secret society type homosexual sex cult" run by prison staff have engaged in or led the sexual harassment against him. Id. at 15. Plaintiff also alleges that these types of actions against him occurred at other prisons since 2019 and that at his current institution, California Men's Colony, he was also retaliated against when prison staff allowed an inmate to attack plaintiff while plaintiff was handcuffed and shackled at the legs. Id. at 1, 4-5, 7-8.

II. Motion to Proceed In Forma Pauperis

Plaintiff has requested leave to proceed in forma pauperis. ECF No. 2. However, the Prison Litigation Reform Act of 1995 ("PRLA") provides that:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). "[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

Based on a review of the court proceedings available on Public Access to Court Electronic Records ("PACER"), the undersigned finds that plaintiff Tyrell Ainsworth, identified as CDCR Inmate #AL-4915, has while incarcerated had at least three prior civil actions dismissed on the

2

grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. The court takes judicial notice of the following lawsuits filed by plaintiff.[1]

1. Ainsworth v. Frisco, No. 2:18-cv-7682 PSG AGR (C.D. Cal.) (September 14, 2018, order dismissing case as "[f]rivolous, malicious, or fails to state a claim upon which relief may be granted" (ECF No. 4));

2. Ainsworth v. Batsakis, No. 2:23-cv-1281 PA AGR (C.D. Cal.) (February 27, 2023, order dismissing case as "frivolous or malicious" or "fails to state a claim upon which relief may be granted" (ECF No. 4));

3. Ainsworth v. Macombre, No. 2:23-cv-4263 PA AGR (C.D. Cal.) (July 24, 2023, order dismissing case as "frivolous or malicious" (ECF No. 6));

4. Ainsworth v. Luna, No. 2:23-cv-4266 PA AGR (C.D. Cal) (July 24, 2023, order dismissing complaint without leave to amend because plaintiff "fails to state a claim upon which relief may be granted" (ECF No. 7));

5. Ainsworth v. Romero, No. 2:23-cv-2714 PA AGR (C.D. Cal.) (November 7, 2023, order denying IFP because "Plaintiff has three prior 'strikes' but has not plausibly allege that Plaintiff is in imminent danger or serious physical injury fairly traceable to unlawful conduct alleged in the complaint and redressable by the Court" (ECF No. 8));

6. Ainsworth v. Macomber, No. 24-cv-1482 AJB (AHG) (S.D. Cal.) (October 15, 2024, order denying IFP under three strikes rule (ECF No. 15));

7. Ainsworth v. L.A. County Sheriff Deputy Silva, No. 2:24-cv-11178 PA AGR (C.D. Cal.) (January 7, 2025, order denying IFP under three strikes rule (ECF No. 4)); and

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

3

8. Ainsworth v. Chanthalangsy, No. 3:24-cv-2350 AJB VET (S.D. Cal.) (January 14, 2025, order denying IFP under three strikes rule (ECF No. 5)).

The first four cases listed above were dismissed well in advance of the May 24, 2024, filing of the instant action, and none of the strikes have been overturned. The last four cases listed are cases in which plaintiff's IFP applications were denied under 28 U.S.C. § 1915(g)'s three strikes rule. Based on plaintiff's prior strikes, the court is precluded from proceeding in forma pauperis unless plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To satisfy the imminent danger exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022). The nexus prong is satisfied when a plaintiff alleges "imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." Id. at 701.

Plaintiff's allegations do not demonstrate an imminent risk of serious physical injury at the time of filing. Plaintiff was not, at the time of filing the complaint, housed at CSP Sacramento where the incidents giving rise to his complaint were alleged to have occurred and where all defendants are or were employed. Miller v. Kubicki, No. 20-cv-0812 DAD BAM PC, 2020 WL 7753132, at *2, 2020 U.S. Dist. LEXIS 243947, at *3 (E.D. Cal. Dec. 29, 2020) (no imminent danger because "the complaint alleges claims based on events that allegedly occurred while plaintiff was incarcerated at [a different prison]" than where he was incarcerated when he filed his complaint); Turner v. Allison, No. 18-cv-02061-YGR (PR), 2019 WL 1230437, at *2, 2019 U.S. Dist. LEXIS 42959, at *4 (N.D. Cal. Mar. 15, 2019) ("None of these alleged incidents of excessive force occurred at the prison[ ] where Plaintiff was incarcerated at the time he filed his complaint"); Cruz v. Baker, No. 1:18-CV-01641-LJO-SAB PC, 2018 WL 11241283, at *1,

4

2018 U.S. Dist. LEXIS 210563, at *2 (E.D. Cal. Dec. 13, 2018) (finding past incidents of alleged excessive force by guard allegedly employed at former prison "do not meet the imminent physical danger exception under section 1915(g)"); Bontemps v. Smith, No. 15-cv-8226 JFW (SP), 2016 WL 10894023, at *3, 2016 U.S. Dist. LEXIS 195880, at *6 (C.D. Cal. Nov. 18, 2016) (finding a single incident of excessive force at another prison, occurring more than a year before filing insufficient to satisfy 28 U.S.C. Section 1915(g)'s exception for imminent danger of serious physical injury), aff'd, 708 F. App'x 360 (9th Cir. 2017). Plaintiff does allege a more recent incident at California Men's Colony, the prison where he was housed at the time of filing his complaint, but the complaint in this case does not assert any claims for relief against any defendants at that prison.[2] Moreover, no facts in the complaint link the alleged physical assault at California Men's Colony to the claims against CSP Sacramento employees based on incidents that occurred at CSP Sacramento. Finally, a favorable judicial outcome in this case would not redress the alleged imminent danger at California Men's Colony. For all these reasons, the required nexus between the asserted imminent danger and the substance of plaintiff's claims is lacking.

Because the allegations in the complaint do not demonstrate an imminent risk of serious physical injury at the time of filing, or a nexus between the claims and an imminent risk of serious physical injury, the undersigned will recommend that plaintiff's request for leave to proceed in forma pauperis be denied and plaintiff be required to pay the filing fee in full or have the complaint dismissed.

III. Motions for Preliminary Injunction

Plaintiff has filed two motions for preliminary injunctions. ECF Nos. 8, 10. The first motion was filed while plaintiff was housed at Kern Valley State Prison. ECF No. 8 at 1. In that motion, plaintiff seeks injunctive relief against CDCR Director Macomber and prison officials at Kern Valley State prison, who are not defendants in this action. The second was filed while

---

[2] The court takes judicial notice of plaintiff's pending case No. 2:24-cv-4029 PA AGR (C.D. Cal.), in which plaintiff asserts claims against individual defendants at California Men's Colony for excessive force based on his alleged assault at that facility. See United States ex rel. Robinson Rancheria Citizens Council, 971 F.2d at 248; Fed. R. Evid. 201(b)(2).

plaintiff was housed at R.J. Donovan Correctional Facility in San Diego, California.  ECF No. 10 at 1.  In the second motion, plaintiff seeks injunctive relief against the CDCR Director, who is not a defendant in the case.  As discussed above, the only defendants named in this case are six employees from CSP Sacramento.  Because the court is unable to issue an order against individuals who are not parties to a suit pending before it, the court should deny plaintiff's motions for preliminary injunctions.  See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("[A] federal court may [only] issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

    IV. Motion To Appoint Counsel

        Plaintiff has requested appointment of counsel.  ECF No. 9.  He claims he needs counsel because he represents himself in multiple pending civil and criminal cases, his legal mail does not always follow him with each transfer, prison staff are continuing to attack plaintiff and provoke him, he has not been provided with an Android tablet, and he does not have enough time to represent himself.  Id. at 1-2.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

        The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

        In the present case, the court does not find the required exceptional circumstances.  Plaintiff has been able to articulate his claims without counsel and the claims he puts forth are not

complex. "Plaintiff's claims of limited access to legal materials is not an exceptional circumstance, but one all prisoners face." Gonzalez v. Brown, No. 2:17-cv-0176-WBS-CMK-P, 2017 WL 4340008, at *1, 2017 U.S. Dist. LEXIS 161469, at *2 (E.D. Cal. Sept. 29, 2017). That plaintiff is actively litigating multiple cases, which creates additional demands on his time, is also not uncommon and does not support the appointment of counsel in this case. Accordingly, plaintiff's motion is denied.

V. Motions for Extensions of Time

On August 19, 2024, and November 4, 2024, plaintiff filed motions for extensions of time as to any pending deadlines. ECF Nos. 15, 17. Plaintiff is informed that at the time he filed his motions, there were no pending deadlines, and his motions for extensions of time are therefore denied as unnecessary.

VI. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (ECF No. 9) is DENIED; and

2. Plaintiff's motions for extensions of time (ECF Nos. 15, 17) are DENIED as unnecessary.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) be DENIED;

2. Plaintiff be ordered to pay the entire $405 in required fees within thirty days or face dismissal of the case; and

3. Plaintiff's motions for preliminary injunctions (ECF Nos. 8, 10) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings

////

////

////

and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 24, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE